## REICH v. MCCREA.

*(City Court of New York, General Term.    October 3, 1889.)*

NEW TRIAL.

> Where the trial judge refuses a motion for new trial, a new trial cannot be granted on affidavits by another judge.

Appeal from special term.

Action by Alonzo Reich against Alice S. McCrea, to recover the amount of an alleged loan.    After verdict for plaintiff on a trial before Justice EHRLICH, the latter denied defendant's motion for a new trial.    Afterwards a motion by defendant for a new trial was made and heard on affidavits before Chief Justice MCADAM, who granted a new trial, and plaintiff appeals.

Argued before NEHRBAS and MCGOWN, JJ.

*Abram Kling*, for appellant.    *Clarke Bell*, for respondent.

PER CURIAM.    From an examination of the proceedings upon the trial before Justice EHRLICH, and of the affidavits used upon the motion before Chief Justice MCADAM, it seems that in furtherance of justice, and in order to allow an opportunity to the defendant to present a full defense before a jury, which she claims she was deprived of upon the trial before Justice EHRLICH by reason of her sudden illness during the trial, and by reason of the overconfidence of her counsel, and to correct any error or manifest injustice, that the order appealed from should be affirmed; yet, following the ruling of the general term of the supreme court in *Knapp* v. *Post*, 10 Hun, 35, it is clearly our duty to reverse the order.    In the case above cited a similar question arose. A motion for a new trial had been made upon the minutes of the justice before whom the action was tried, and by him denied.    Another justice having entertained and granted another motion to set aside the judgment on the ground of "error and manifest injustice," it was held to be error, and that a new trial can only be granted in such cases upon an appeal from the first order.    In that case GILBERT, J., in his opinion, at page 36, says: "We are of opinion that the proceeding is altogether erroneous.    It was nothing more than a retrial of the cause upon affidavits.    If the practice here pursued should be authoratively established, few verdicts would stand.    It costs defeated parties little effort to show by *ex parte* affidavits that their defeat is attributable to error and manifest injustice, rather than their own neglect and mistakes; and it is far easier to get rid of a verdict and judgment in that way than by appeal.    But the law does not allow such a practice.    *    *    *    The last motion was simply an appeal from Judge BARNARD to Judge DYKMAN, unless, indeed, 'error and manifest injustice' in a judgment may be shown by affidavit, which, as already said, the law does not allow.    The remedy of the party injured by such error and injustice is by appeal."    See Code, § 1002, as amended in 1884.

Following the ruling in the case above cited, the order appealed from must be reversed, with costs.